UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  0:18-CV-62007

PATRICIA CIPOLLA,

    Plaintiff,

v.

ENCORE RECEIVABLE
MANAGEMENT, INC.,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**<u>INJUNCTIVE RELIEF SOUGHT</u>**

Plaintiff PATRICIA CIPOLLA ("Plaintiff"), by and through undersigned counsel, seeks redress for the illegal practices of Defendant ENCORE RECEIVABLE MANAGEMENT, INC., ("Defendant"), *to wit*, for Defendant's violations of 15 U.S.C §1692 *et seq*., the Fair Debt Collection Practices Act (the "FDCPA"), and Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act (the "FCCPA").

**<u>DEMAND FOR JURY TRIAL</u>**

1. As set forth in more detail below, Defendant violated § 1692g(a)(1), § 1692g(a)(3)-(5), § 1692g(b), § 1692e, § 1692e(2)(A), § 1692e(10), and § 1692f of the FDCPA, and § 559.72(9) of the FCCPA, and as a result, Plaintiff now seeks damages and injunctive relief for the same.

2. Accordingly, Plaintiff respectfully demands a trial by jury on all alleged counts and any issues so triable. *See* <u>Sibley v. Fulton DeKalb Collection Service</u>, 677 F.2d 830 (11th Cir.1982) (wherein the Eleventh Circuit held that, "a plaintiff, upon timely demand, is entitled to a trial by jury in a claim for damages under the FDCPA.").

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C § 1331, and 28 U.S.C § 1337.

4. Supplemental jurisdiction exists for the FCCPA claims under to 28 U.S.C. § 1367.

5. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

6. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

7. Defendant is a Kansas corporation, with its principal place of business located in Olathe, Kansas.

8. Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

9. At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

## FACTUAL ALLEGATIONS

10. The debt at issue is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes.

11. In particular, the debt at issue (the "Consumer Debt") represents an allegedly outstanding amount Plaintiff owes the creditor, Synchrony Bank (the "Creditor"), with respect to an unsecured line-of-credit it (the Creditor) extended to Plaintiff for Plaintiff to purchase goods and/or furnishings from Rooms To Go Incorporated, of which Plaintiff so utilized for her personal benefit and the benefit of her household.

12. The Consumer Debt is a "debt" governed by the FDCPA and FCCPA. *See* 15 U.S.C §1692a(5); Fla. Stat. §559.55(6).

13. Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C §1692a(3).

14. Defendant is a "debt collector" as defined by the FDCPA and FCCPA. *See* 15 U.S.C §1692a(6); Fla. Stat. §559.55(7).

15. On a date better known by Defendant, Defendant began attempting collect the Consumer Debt from Plaintiff.

16. Defendant mailed a collection letter to Plaintiff, dated August 25, 2017, in an attempt to collect the Consumer Debt. A copy of said collection letter (the "Collection Letter") is attached hereto as Exhibit "A."

17. The Collection Letter was the first and only communication Plaintiff received from Defendant in connection with the Consumer Debt.

18. On the top-right portion of the Collection Letter, Defendant presents the following:

```
Creditor:               Synchrony Bank
Re:                     ROOMS TO GO
For Account Ending in:  XXXXXXXXXXXX3469
Encore Account #:       7897662162878
Total Account Balance:  $1,090.35
Amount Now Due:         $313.00
```

*See* Collection Letter.

19. In the body of the Collection Letter, Defendant states, *inter alia*, that:

> *As of the date of this letter, your Total Account Balance is $1,090.35 of which $313.00 represents the Amount Now Due. Your Total Account Balance and Amount Now Due on the day you pay may be greater than the amounts listed above as a result of finance charges, late fees or other fees imposed on your account from day to day as outlined in the terms of your account and your account agreement.*

*See* Id. (emphasis added).

20. Thereafter, Defendant states in the Collection Letter that:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

*See* Id.

21. At the conclusion of the Collection Letter, Defendant, again, presents the following:

| | |
|---|---|
| **Creditor:** | **Synchrony Bank** |
| Re: | ROOMS TO GO |
| For Account Ending in: | XXXXXXXXXXXX3469 |
| Encore Account #: | 7897662162878 |
| Total Account Balance: | $1,090.35 |
| Amount Now Due: | $313.00 |

*See* Collection Letter.

## VIOLATION OF THE FDCPA AND FCCPA

22. "To state a claim for violation of the FDCPA and FCCPA, Plaintiff must set forth sufficient factual allegations to raise plausible inferences that: (1) Defendant is a debt collector; (2) Plaintiff was 'the object of collection activity arising from consumer debt;' and (3) Defendant engaged in an act or omission prohibited by the FDCPA or FCCPA." Garrison v. Caliber Home Loans, Inc., 2017 WL 89001, at *4 (M.D. Fla. Jan. 10, 2017); Pescatrice v. Orovitz, P.A., 539 F.Supp.2d 1375, 1378 (S.D.Fla.2008).

23. With respect to the third prong, the "least sophisticated consumer" standard dictates a debt collector's communication, or other conduct, violates the FDCPA or FCCPA. *See* Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1258 (11th Cir. 2014) (reiterating that the "least sophisticated consumer" standard governs "whether a debt collector's conduct is deceptive, misleading, unconscionable, or unfair under the statute." (internal quotations omitted)); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1200 (11th Cir. 2010) (holding that the "least-sophisticated consumer" standard applies to evaluate claims under both § 1692e and § 1692f);

Leonard v. Zwicker & Associates, P.C., 2017 WL 4979160, at *2 (11th Cir. Nov. 1, 2017) (applying the "least sophisticated consumer" standard to claims under § 1692g); *see also* Michael v. HOVG, LLC, 2017 WL 129111, at *5 (S.D. Fla. Jan. 10, 2017) (applying the least sophisticated consumer standard to determine whether a debt collector violated the FCCPA); Green v. Douglas, Knight & Assocs. (In re Cheaves), 439 B.R. 220 (Bankr. M.D. Fla. 2010 (same); Bank v. Schmidt, 124 So. 3d 1039 (Fla. Dist. Ct. App. 2013) (affirming class certification which applied the least sophisticated consumer standard to determine whether the FCCPA had been violated). Thus, in the context of the FDCPA and FCCPA, "[t]he inquiry is not whether the particular plaintiff-consumer was deceived or misled; instead, the question is whether the least sophisticated consumer would have been deceived by the debt collector's conduct." Crawford, 758 F.3d 1254 at 1259 (citation and internal quotations omitted).

24. "The purpose of the least-sophisticated consumer standard is to ensure the protection of the gullible as well as the shrewd." LeBlanc, 601 F.3d 1185 at 1194; *see* Crawford, 758 F.3d 1254 at 1258-59 ("[t]he 'least-sophisticated consumer' standard takes into account that consumer-protection laws are 'not made for the protection of experts, but for the public—that vast multitude which includes the ignorant, the unthinking, and the credulous.'" (*quoting* Jeter v. Credit Bureau, 760 F.2d 1168, 1172-73 (11th Cir. 1985))). The fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Jeter, 760 F.2d at 1168.

25. "Literally, the least sophisticated consumer is not merely 'below average,' he is the very last rung on the sophistication ladder. Stated another way, he is the single most unsophisticated consumer who exists. Even assuming that he would be willing to do so, such a consumer would likely not be able to read a collection notice with care, let alone interpret it in a

reasonable fashion." Gammon v. GC Servs., 27 F.3d 1254, 1257 (7th Cir. 1994); Russell v. Equifax A.R.S.,74 F.3d 30, 34 (2d Cir.1996) ("'the test is how the least sophisticated consumer – one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, every day, common consumer – understands the notice he or she receives.'"). As such, issues which require the application of the least sophisticated consumer standard are reserved for the jury. *See* Leonard v. Zwicker & Associates, P.C., 2017 WL 4979160, at *3 (11th Cir. Nov. 1, 2017) ("[g]enerally, the question of whether the least sophisticated consumer would be confused or misled by a debt collector's communication is one for the jury"); *see, e.g.*, Pescatrice v. Orovitz, 539 F. Supp. 2d 1375, 1381 (S.D. Fla. 2008) (whether a communication was "deceptive is a material issue of disputed fact for the jury, as fact finder, to resolve").

*COUNT I.*
**VIOLATION OF 15 U.S.C. § 1692g(a)(3)-(5), g(b), § 1692e, e(2)(A), e(10), & § 1692f**

26.     Plaintiff incorporates by reference paragraphs 10-25 of this Complaint as though fully stated herein.

27.     Pursuant to § 1692g(a) of the FDCPA, the least sophisticated consumer has thirty (30) days – *from the date he or she receives written notice thereof* - to dispute the underlying consumer debt. *See, e.g.,* 15 U.S.C. § 1692g(a)(3). Moreover, the FDCPA further mandates that: "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." *See* 15 U.S.C. § 1692g(b).

28.     Further, section 1692e of the FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, and § 1692f states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

29. "[T]he broad prohibitions of § 1692e apply to a debt collector's false, deceptive, or misleading *representation or means* used *in connection with the collection of any debt* [and] [t]he broad prohibitions of § 1692f apply to a debt collector's use of unfair or unconscionable *means to collect or attempt to collect any debt.*" 15 U.S.C. § 1692f. Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1261 (11th Cir. 2014) (emphasis original). Moreover, "[t]he use of 'or' in § 1692e means that, to violate the FDCPA, a representation by a 'debt collector' must merely be false, or deceptive, or misleading. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA facially, even where no misleading or deception is claimed." Bourff v. Rubin Lublin, L.L.C., 674 F.3d 1238 (11th Cir. 2012).

30. With respect to the matter at hand, the Collection Letter was the first and only communication Plaintiff received from Defendant in connection with the Consumer Debt and, as part of the Collection Letter, Defendant attempts to notify Plaintiff of her rights and/or ability to dispute the Consumer Debt within 30-days of receiving the Collection Letter, of which § 1692g(a) mandates. *See* Collection Letter ("[u]nless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof…"). Yet, as noted above, "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." *See* 15 U.S.C. § 1692g(b).

31. Here, the Collection Letter repeatedly, and explicitly, demands the immediate payment of $313.00, *see* Collection Letter (wherein $313.00 is continuously identified as the "Amount Now Due"), and emphasizes to the least sophisticated consumer that said $313.00 represents the then-due portion of $1,090.35, *i.e.,* the "Total Account Balance," as of the date of

the Collection Letter. *See* Collection Letter *("[a]s of the date of this letter, your Total Account Balance is $1,090.35 of which $313.00 represents the Amount Now Due." (emphasis added))*.

32. The Collection Letter unlawfully overshadows the least sophisticated consumer's right to dispute the underlying debt, whether completely or in-part, by repeatedly and explicitly defining a portion of Consumer Debt as the "Amount Now Due" and categorizing the entire Consumer Debt as the "Total Account Balance" and, as a whole, fails to adequately inform the least sophisticated consumer of the rights he or she enjoys under § 1692g, in violation of § 1692g(a)(3)-(5) and § 1692g(b) of the FDCPA.

33. Further, the Collection Letter wrongfully causes the least sophisticated consumer to believe that he or she must *immediately* pay the "Amount Now Due" without exception, as well as causes the consumer to falsely believe that, at the time, he or she had no immediate obligation to pay the remaining portion of the "Total Account Balance" because only the "Amount Now Due" was then-outstanding and/or due to the Creditor, in violation of § 1692g(a)(1), § 1692e, § 1692e(2)(a), § 1692e(10), and § 1692f of the FDCPA.

34. Accordingly, in light of the preceding, Defendant violated § 1692e, § 1692e(2)(A), § 1692e(10), § 1692f, § 1692g(a)(1), § 1692g(a)(3)-(5), and § 1692g(b) of the FDCPA by repeatedly and explicitly defining a portion of the Consumer Debt as the "Amount Now Due" in the Collection Letter, of which was the first and only communication and/or correspondence Defendant had with Plaintiff in connection with the Consumer Debt.

## COUNT II.
## VIOLATION OF FLA. STAT. § 559.72(9)

35. Plaintiff incorporates by reference paragraphs 10-25 of this Complaint as though fully stated herein.

36. Pursuant to § 559.72(9) of the FCCPA, in collecting consumer debts, no person shall: "*[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist*." Fla Stat. § 559.72(9) (emphasis added).

37. As mentioned above, the Collection Letter: (a) unlawfully overshadows the least sophisticated consumer's right to dispute the underlying debt, whether completely or in-part, by repeatedly and explicitly defining a portion of Consumer Debt as the "Amount Now Due" and categorizing the entire Consumer Debt as the "Total Account Balance;" (b) wrongfully causes the least sophisticated consumer to believe that he or she must *immediately* pay the "Amount Now Due" without exception; and (c) causes the least sophisticated consumer to falsely believe that the "Amount Now Due" was the only amount outstanding to the Creditor and that the consumer's obligation to pay the remaining portion of the "Total Account Balance" had not yet arisen.

38. Accordingly, Defendant violated Fla. Stat. § 559.72(9) by explicitly and repeatedly identifying a portion of the Consumer Debt as the "Amount Now Due" because, in doing so, Defendant was asserting the existence of a legal right with knowledge that the right does not exist. *See* Martin v. Butler & Hosch, P.A., 2014 WL 3593622, at *4 (M.D. Fla. July 18, 2014) (finding that misrepresenting a consumer's rights under 15 U.S.C. § 1692g can constitute the assertion of a non-existent legal right in violation of Fla. Stat. § 559.72(9)); Narvaez v. Specialized Loan Servicing, LLC, 2015 WL 1810734, at *4 (M.D. Fla. Apr. 20, 2015).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a) Statutory and actual damages, as provided under 15 U.S.C. §1692k, for the FDCPA violations committed by Defendant in attempting to collect the Consumer Debt.

(b) Statutory and actual damages, as provided under Fla. Stat. §559.77(2), for the FCCPA violation committed by Defendant in attempting to collect the Consumer Debt from Plaintiff.

(c) An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

(d) Costs and reasonable attorneys' fees as provided by both 15 U.S.C. §1692k and Fla. Stat. §559.77(2); and

(e) Any other relief that this Court deems appropriate and just under the circumstances.

DATED: August 24, 2018

Respectfully Submitted,

 /s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tpatti@thomasjohnlaw.com
Thomas-John Law, P.A.
1451 W. Cypress Creek Road, Suite 300
Fort Lauderdale, Florida 33309
Phone:    954-543-1325
Fax:      954-507-9975

*COUNSEL FOR PLAINTIFF*